## MIRANDA, Admx v COTTAGE BAKING CO

Ohio Appeals, 2nd Dist, Miami Co

No 289. Decided Dec 19, 1932

Goodrich & Goodrich, Troy, for plaintiff in error.

L. H. Shipman, Troy, and A. W. De-Weese, Piqua, for defendant in error.

HORNBECK, J.

The cause came on for trial to a court and jury and at the conclusion of plaintiff's testimony upon motion of the defendant the trial judge directed a verdict for the defendant and thereafter entered judgment upon the verdict so returned. From this action of the trial court error is prosecuted. A number of questions are set forth in the petition in error but upon the briefs and the record there is but one material question, namely, Did the plaintiff's testimony in its most favorable intendment afford some evidence upon every element essential to create liability of the defendant company upon the issues joined?

We have read this record with much care. There are many facts which cause us to believe that plaintiff's decedent fell and received the injuries which caused his death as claimed by plaintiff. We also are impressed with the efficiency and thoroughness with which counsel presented their theory of the case.

In our judgment the evidence on behalf of plaintiff is sufficient to go to the jury on each specification of negligence and to require a charge that the plaintiff, if he entered the bakery by the elevator from the alley did so with the knowledge of defendant company, that such was his custom and with implied consent. He was,

therefore, in the status of a customer, toward whom the company owed the duty of ordinary care. See admission of Mr. Vernon Osborn, general manager and president of the company, testimony of A. B. Rice, inspector, pages 17 and 18, L. E. Harvey, prosecuting attorney, page 28 of the record.

But another test which we must apply is whether or not plaintiff met the further requirements of legal proof. These requirements are well set forth in **Sobolovitz v Lubric Oil Co., 107 Oh St, 204**, in the first proposition of the syllabus:

"To entitle the plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that he produce some evidence upon every element essential to create liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element."

The second and third propositions of the syllabus also are valuable in the determination of this case:

(2) "An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence."

(3) "Where the plaintiff fails to produce any evidence upon an essential element of his case and no reasonable inference can be drawn from a fact supported by evidence which would tend to prove such element, it is error for the court to submit the case to a jury."

Coming to the disputed questions it is necessary for plaintiff to produce evidence tending to show (1) That plaintiff's decedent entered the doorway leading into the elevator at the ground floor; (2) That the door was open; (3) That the elevator platform was not at the level of the door; (4) That the plaintiff's decedent fell down the elevator and suffered the injuries, or some of them, set out in the petition from which he died.

From the record it appears that the plaintiff's decedent left Main Street and started into an alley leading to the elevator door in question which position brought the plaintiff within 50 to 75 feet of the elevator. It also appears that it was his custom to enter the bakery by means of the elevator approach. If we grant that it may be inferred that he entered the elevator door by way of the alley then the record supports the claim that the elevator door was open; that the floor of the elevator was not at the level of the alley entrance and the shaft of the elevator unprotected. But, if the jury had been permitted to determine that plaintiff's decedent fell down the elevator shaft that would not have been based upon any fact established in the record but upon an inference from the primary inference drawn from a fact in the record to the effect that plaintiff's decedent went into the bakery by way of the alley entrance. This, in our judgment is in direct conflict with 'the second proposition of Sobolovitz v Lubric Oil Company, supra.

There was another part of the testimony commented upon at length by counsel both in argument and in the briefs, namely, the marks on the back of the overcoat which plaintiff's decedent was wearing on the night he was fatally injured. On this question we find that the record discloses the width and size of the guides against which the elevator moved up and down and that they were well covered with grease to within a short distance of the top thereof. A visual examination of the coat does not show any definite markings which disclose either that the foreign substance on the coat is oil or that the mark is such as would be made by a projecting guide of the elevator. Nor is there anything in the testimony to the effect that the mark on the back of the coat is of an oily character nor that it is such a mark as would be made by the coat of plaintiff's decedent coming in contact with the guide of the elevator.

We might pursue this matter of inference upon inference further in this cause to a conclusion that plaintiff had not met the requirements of proof, but we deem it sufficient to have called attention only to that which we have heretofore discussed.

We, therefore, are constrained to say that the trial court committed no prejudicial error to plaintiff in sustaining the motion for a directed verdict for defendant at the close of plaintiff's case. The judgment must therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.